UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN CHAIDEZ,<br><br>Defendant. | Case No. 21-cr-00377-JSW-1<br><br>**ORDER REGARDING USE OF HEARSAY EVIDENCE AT EVIDENTIARY HEARING**<br><br>Re: Dkt. Nos. 37, 59, 61 |

Now before the Court for consideration is the issue of whether the Government may rely on hearsay evidence to prove up the first charge in the Amended Form 12. Defendant objects on the basis that this would deny him his due process right to confrontation under *Morrissey v. Brewer*, 408 U.S. 471 (1972).

## ANALYSIS

Pursuant to *Morrissey*, Defendant "is guaranteed the right to confront and cross-examine adverse witnesses at a revocation hearing, unless the government shows good cause for not producing the witness. *Id.*; *see also* Fed. R. Crim. P. 32.1(b)(2)(C). To resolve this issue, the Court engages in a balancing test that weighs Defendant's interest in his "constitutionally guaranteed right to confrontation against the Government's good cause for denying it." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999).

The weight the Court gives to the right to confrontation depends on "the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay evidence." *Id.*; *see also United States v. Taylor,* 804 Fed. Appx. 731 (9th Cir. 2020). There is no dispute that the evidence on which the Government intends to rely is central to proving charge one. In *Taylor*, the court rejected, in part, the defendant's argument that his right of

confrontation was violated when the government did not call the adverse witness on a domestic violence charge. There, the court noted non-hearsay evidence was sufficient to sustain the charge, rendering the defendant's interest in confronting the witness "not strong." *Id.* at 731.

The Court has listened to the 911 call and has viewed the body-cam footage of the officers who responded to that call. The Court would admit the 911 call on the basis that Jane Doe's statements qualify as excited utterances under Federal Rule of Evidence ("FRE") 803(2) and would also admit the statements made to the medical personnel who arrived on scene under FRE 803(4)(A). The Court also would admit Jane Doe's statements to the officers as excited utterances and would consider the entirety of her statements, including her statements that she was fighting the Defendant.

However, the Court concludes that on the record before it, the Government has not shown good cause for not producing Jane Doe. The Government has not represented that it made any effort to subpoena Jane Doe but was unable to do so. Further, there is no evidence in the record that Jane Doe "does not want to testify" because she is afraid of Defendant. *Compare Comito*, 179 F.3d at 1172 (government offered no evidence that complaining witness feared defendant) *with Taylor*, 804 Fed. Appx. at 732 (finding good cause where government attempted to procure complainant's testimony by subpoena and "proffered testimony from … probation officer that [witness] feared relation if she were to testify"); *United States v. Hall*, 419 F.3d 980, 989 (9th Cir. 2005) ("Although Hall had a relatively strong interest in confronting Hawkins with respect to the false imprisonment allegation, his interest in confrontation on that allegation is outweighed by the government's good cause for failing to produce Hawkins at the hearing—both because the government made every effort to do so and because the hearsay evidence was substantially corroborated.").

On this record, the Court concludes Defendant's due process rights are more than minimal. Because "no cause has been shown for denying [Defendant] his right to confrontation rights – there is nothing to put on the Government's side of the scale." *Comito*, 179 F.3d at 1172.

//

//

Therefore, unless the Government demonstrates good cause, the Court will not permit the Government to rely on her hearsay statements.

**IT IS SO ORDERED**.

Dated: September 6, 2024

_____
JEFFREY S. WHITE
United States District Judge

Cc: USPO Salvadore Tinoco